

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| DONNA BRYANT, | § | |
|         Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 4:20-03058-MGL |
| | § | |
| KILOLO KIJAKAZI, *Acting Commissioner of* | § | |
| *the Social Security Administration*, | § | |
|         Defendant. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
REVERSING DEFENDANT'S DECISION,
AND REMANDING FOR FURTHER AGENCY PROCEEDINGS**

    This is a Social Security appeal in which Plaintiff Donna Bryant (Bryant) seeks judicial review of the final decision of Defendant Kilolo Kijakazi (Kijakazi) denying her claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act (the Act). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Court reverse Kijakazi's decision and remand the matter pursuant to sentence four of 42 U.S.C. § 405(g) for further agency proceedings. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

    The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or

recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on September 1, 2021, Kijakazi filed her objection to the Report on September 15, 2021, and Bryant filed her reply on September 29, 2021. The Court has reviewed the objection, but holds it to be without merit. It will therefore enter judgment accordingly.

On April 17, 2017, Bryant filed her application for DIB, with an alleged onset date of February 10, 2017. Kijakazi denied Bryant's application for DIB initially and upon reconsideration. Bryant then requested a hearing before an Administrative Law Judge (ALJ), which the ALJ conducted on August 15, 2019.

On September 20, 2019, the ALJ issued a decision finding Bryant not disabled under the Act. The Appeals Council, on July 23, 2020, denied Bryant's request for review of the ALJ's decision. On August 26, 2020, Bryant filed an action for judicial review with the Court. And, on March 26, 2021, Bryant filed her brief and attached additional evidence of a Notice of Award dated March 7, 2021, that stated she had been found disabled on September 21, 2019, the day after the ALJ issued his decision finding Bryant not disabled under the Act.

The Act has, by regulation, reduced the statutory definition of "disability" to a series of five sequential questions to determine if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment as set forth in the Listings of Impairments found at 20 C.F.R. Part

404, Subpart P, Appendix I; (4) whether the impairment(s) prevents the claimant from returning to her past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(i)-(v).

It is the plaintiff's duty both to produce evidence and prove she is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) ("The applicant bears the burden of production and proof during the first four steps of the inquiry" and "[i]f he or she is able to carry this burden through the fourth step, the burden shifts to the Secretary in the fifth step to show that other work is available in the national economy which the claimant could perform."). Nevertheless, the ALJ is to develop the record and when he "fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded."  *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980).

It is also the task of the ALJ, not this Court, to make findings of fact and resolve conflicts in the evidence.  *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  "It is not within the province of [a] court to determine the weight of the evidence; nor is it [the court's] function to substitute [its] judgment for that of [the defendant] if [the] decision is supported by substantial evidence."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  In other words, a court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence."  *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).  Under the substantial evidence standard, a court ourt must view the entire record as a whole.  *See Steurer v. Bowen*, 815 F.2d 1249, 1250 (8th Cir. 1987) (citing Section 405(g)) ("In reviewing a denial of Social Security benefits, [a] court must determine whether substantial evidence on the record as a whole supports the Secretary's decision.").

3

"[T]he substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272–73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted). Put differently, if the ALJ's "dispositive factual findings are supported by substantial evidence, they must be affirmed, even in cases where contrary findings of an ALJ might also be so supported." *Kellough v. Heckler*, 785 F.2d 1147, 1149 (4th Cir. 1986).

Kijakazi raises a single objection to the Report, arguing the Magistrate Judge improperly concluded the ALJ failed to properly evaluate the opinions of Bryant's doctor, Dr. Burbage. Specifically, Kijakazi contends "the ALJ's decision is supported by substantial evidence, including the ALJ's finding that Dr. Burbage's opinion was unpersuasive, and therefore should be affirmed." Obj. at 3.

The ALJ must consider and evaluate the persuasiveness of the opinion evidence by considering the following factors: (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors that tend to support or contradict the opinion. 20 C.F.R. §§ 404.1520c(b), (c), 416.920c(b), (c). Supportability and consistency are the most important factors to consider, and an ALJ must explain how these factors are considered in the determination or decision. 20 C.F.R. §§ 404.1520c(a), (b)(2), 416.920c(a), (b)(2). Supportability denotes "[t]he extent to which a medical source's opinion is supported by relevant objective medical evidence and the source's supporting explanation[.]" *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844-01, *5853, 2017 WL 168819 (Jan. 18, 2017).

"[T]he ALJ must both identify evidence that supports his conclusion and 'build an accurate and logical bridge from [that] evidence to his conclusion.'" *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (citing *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)).

Here, the Court agrees with the Magistrate Judge's well-reasoned conclusion the ALJ's decision is unsupported by substantial evidence. The Magistrate Judge, in his Report, spilled significant ink outlining the numerous and substantial medical records compiled by Dr. Burbage that supported Bryant's claim, and noted although there were some instances of conflicting treatment notes, the ALJ "fail[ed] to resolve [these] conflicting abnormal exam findings in determining that Dr. Burbage's opinions were inconsistent with normal exam findings in other categories." Report at 18. At bottom, "[t]he ALJ is obligated to consider all the evidence, not just that which is helpful to his decision[,]" *id.*, and he failed to do so here. Accordingly, the Court will overrule Kijakazi's objection. Because this issue is dispositive, the Court need not address the parties' arguments as to whether remand of the matter pursuant to sentence six of 42 U.S.C. § 405(g) is warranted.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Kijakazi's objection, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Kijakazi's decision is **REVERSED** and the case is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative review in accordance with the Magistrate Judge's recommendation.

**IT IS SO ORDERED.**

Signed this 28th day of December 2021, in Columbia, South Carolina.

                                                      s/ Mary Geiger Lewis
                                                      MARY GEIGER LEWIS
                                                      UNITED STATES DISTRICT JUDGE